UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM C. GARDNER, individually and d/b/a FAMILY AND COSMETIC DENTAL DESIGN,<br>Plaintiff,<br>v.<br>BANK OF AMERICA, N.A.; BOKF, N.A., d/b/a BANK OF ALBUQUERQUE; BURN BOOT CAMP; RONIT URMAN, individually and in her professional capacity; and URMAN ENTERPRISES LLC,<br>Defendants. | Case No.: 26-cv-3717-RSH-DDL<br>**ORDER:**<br>**(1) GRANTING THE URMAN DEFENDANTS' MOTION TO DISMISS;**<br>**(2) DENYNG AS MOOT DEFENDANTS BOKF'S AND BANA'S MOTIONS TO DISMISS;**<br>**(3) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE;**<br>**(4) DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE; AND**<br>**(5) DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE;**<br>**[ECF Nos. 7, 11, 12, 27, 29, 34]** |

Pending before the Court are three motions to dismiss Plaintiff's Complaint, filed by defendant Bank of America, N.A. ("BANA"), defendant BOKF, N.A. ("BOKF"), and

defendants Ronit Urman and Urman Enterprises LLC (collectively the "Urman Defendants"). ECF Nos. 7, 11, 12. Before the Court are also Plaintiff's motions: (1) for extension of time to complete service; (2) for leave to file a reply; and (3) to transfer venue. ECF Nos. 27, 29, 34.

As set forth below, the Urman Defendants' motion to dismiss is granted and defendants BOKF's and BANA's motions to dismiss are denied as moot. Plaintiff's motion: (1) for extension of time to complete service is denied as moot; (2) for leave to file a reply is granted; and (3) to transfer venue is denied.

## I. BACKGROUND

On June 25, 2026, plaintiff William Gardner filed this lawsuit against the Urman Defendants, BANA, BOKF, and Burn Boot Camp ("BBC"). ECF No. 1. The *pro se* Complaint alleges as follows. On February 23, 2024, in Plaintiff's domestic-relations case, the New Mexico Second Judicial District Court entered an order appointing a receiver (the "Appointing Order"). *Id.* at 5; ECF No. 1-2, Ex. 1. The Appointing Order gave the receiver authority to: "[c]ollect and manage the Receivership Estate in a reasonable and prudent manner," "[t]ake possession of all available books, records and other documents related to the Receivership Estate[,]" "[l]ease or contract to sell assets of the Receivership Estate if necessary[,]" and "[r]emedy and rectify to the extent possible any violations of the Temporary Domestic Order by either party and, if prudent, equalize the assets available to each party." ECF No. 1-2, Ex. 1 at 4-5. The Receivership Estate "includes all community and separate property and income of the parties[.]" *Id.*

The Complaint alleges that in reliance solely on the Appointing Order and without notice, Defendants improperly froze, closed, confiscated, or diverted Plaintiff's money and property. ECF No. 1 at 5-9. BANA closed Plaintiff's credit card account. *Id.* at 10. BOKF confiscated the money in Plaintiff's deposit accounts and turned it over to the receiver. *Id.* BBC, a tenant of Plaintiff's property in Albuquerque, New Mexico, ceased paying rent to Plaintiff and instead paid rent to the receiver. *Id.* at 11. The Urman Defendants, Plaintiff's manager and agent for his property in Scottsdale, Arizona, turned over Plaintiff's funds to

the receiver. *Id.* at 11-12. The Complaint brings claims for: (1) conversion, (2) breach of contract, (3) breach of fiduciary duty, (4) defamation, (5) accounting, (6) statutory unfair practices, (7) negligence and gross negligence, (8) wrongful dishonor, and (9) negligent misrepresentation. *Id.* at 12-25.

On July 17, 2026, defendant BOKF filed a motion to dismiss under Fed. R. Civ. P. 12(b)(2). ECF No. 7. On July 23, 2026, the Urman Defendants filed their motion to dismiss under Fed. R. Civ. P. 12(b)(2)-(6). ECF No. 11. On July 28, 2026, defendant BANA filed its motion to dismiss under Fed. R. Civ. P. 12(b)(5)-(6). ECF No. 12. Plaintiff requested an extension of time to file an opposition to BANA's motion to dismiss, which the Court granted. ECF Nos. 18, 22. BANA's motion has been fully briefed. ECF Nos. 24 (opp. to BANA's MTD), 26 (reply from BANA). Plaintiff did not file an opposition to defendant BOKF's motion or the Urman Defendants' motion.

On September 22, 2026, Plaintiff filed a motion to transfer venue to the District of New Mexico. ECF No. 29. BOKF filed a non-opposition to the motion to transfer venue. ECF No. 31. BANA and the Urman Defendants opposed the motion to transfer venue. ECF Nos. 32, 33. Plaintiff seeks leave to file a reply. ECF No. 34.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may raise the defense of improper venue in a motion to dismiss. "'[V]enue' refers to the geographic specification of the proper court . . . for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts in general, and does not refer to any grant or restriction of subject-matter jurisdiction providing for a civil action to be adjudicated only by the district court for a particular district[.]" 28 U.S.C. § 1390(a).

"Once a defendant challenges venue, the plaintiff bears the burden of showing that venue is proper." *GemCap Lending I, LLC v. Trent Bateman*, No. CV17-3305 PSG GSJx, 2017 WL 8183191, at *2 (C.D. Cal. July 17, 2017) (citations omitted). On a Rule 12(b)(3) motion, "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir.

2004) (internal citations omitted).

Under 28 U.S.C. § 1391(b), venue in a civil case is proper in a judicial district: (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

## III. ANALYSIS

### A. Improper Venue

The Urman Defendants' motion to dismiss argues that venue is improper in this district. ECF No. 11-1 at 10-11. Plaintiff thus bears the burden of demonstrating that venue is proper. *See GemCap Lending I, LLC*, 2017 WL 8183191, at *2. But Plaintiff did not respond to the Urman Defendants' motion and has not sought leave to file a response.[1]

First, venue is proper "in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). "[A] natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled[.]" *Id.* § 1391(c)(1). Defendant Ronit Urman is an individual domiciled in Arizona. *See* ECF Nos. 1 at 5, 32 at 12. This district is not a proper venue under Section 1391(b)(1).

Second, venue is proper in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the

[1] On August 20, 2026, the Urman Defendants filed a Notice of Non-Receipt of Opposition. ECF No. 17. Civil Local Rule 7.1(e)(2) requires "each party opposing a motion" to file its opposition and serve the movant at least fourteen days before the noticed hearing date. Under Civil Local Rule 7.1(f)(3)(c), "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court."

subject of the action is situated[.]" 28 U.S.C. § 1391(b)(2). Plaintiff explains that his claims arise from the Appointing Order entered by the New Mexico Second Judicial District Court. ECF Nos. 1 at 5-6, 29 at 5 ("Every claim in the Complaint arises from a single instrument — an ex parte order entered by the New Mexico Second Judicial District Court[.]"). It was in alleged reliance on that order that "each Defendant froze, closed, confiscated, or diverted Plaintiff's accounts, credit lines, or rental income[.]" ECF No. 1 at 7. The Complaint argues that venue is proper in the Southern District of California because "a substantial part of the injury—the deprivation of Plaintiff's funds, credit, and income—was suffered by Plaintiff at his residence in this District." *Id.* at 3. However, Plaintiff retracts that allegation in his motion to transfer venue, stating "[h]aving reviewed the timeline of events with care, Plaintiff recognizes that the conduct at issue predates his California residency" and Defendants' conduct "was directed at Plaintiff in New Mexico, where he then resided[.]" ECF No. 29 at 5-6.

Plaintiff alleges "his Bank of Albuquerque deposit accounts were confiscated in New Mexico; the rent on his Albuquerque commercial property was diverted in New Mexico; the funds his Arizona property managers collected were owed to him in New Mexico and were surrendered to the New Mexico receivership; and his Bank of America credit card relationship was closed while he lived in New Mexico." *Id.* at 5. The Complaint also alleges that all Defendants are located outside of California. ECF No. 1 at 4-5. No evidence suggests that the actions of any defendant were within or directed at this district. As to where the "property that is the subject of the action is situated," Plaintiff's claims partially arise out of his alleged interest in properties located in Arizona and New Mexico. *See* 28 U.S.C. § 1391(b)(2); ECF Nos. 1 at 11-12, 29 at 5. None of the events or injuries described in the Complaint occurred in this district, nor is any property at issue located here. The Court concludes that venue is not proper in this district under Section 1391(b)(2).

Third, "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action" is a proper venue. 28 U.S.C. § 1391(b)(3).

Plaintiff's Complaint and motion to transfer venue allege that a substantial part—if not all—of the events giving rise to his claims occurred in the District of New Mexico. *See* ECF Nos. 1 at 5-12, 29 at 9-15. Section 1391(b)(3) does not apply because venue is otherwise proper in the District of New Mexico under Section 1391(b)(2). *See Drone v. Bear*, No. 25-CV-09583-EKL, 2026 WL 1531740, at *2 (N.D. Cal. June 1, 2026).

In conclusion, venue in this district is not proper under 28 U.S.C. § 1391(b), and the Urman Defendants' motion to dismiss under Rule 12(b)(3) is granted.

### B. Transfer of Venue

Because venue is improper, the Court can either "dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether to dismiss or transfer a case it is within the Court's discretion. *See In re Hall, Bayoutree Associates, Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991).

Plaintiff moves to transfer this action to the District of New Mexico. ECF No. 29.[2] Plaintiff argues "[a] transfer would moot the Rule . . . 12(b)(3) objections already briefed and those yet to come[.]" ECF No. 29 at 15. However, the U.S. District Court for the District of New Mexico has ordered Plaintiff to satisfy certain conditions before filing a new action. *See* ECF No. 32-2, Ex. C at 9 ("Plaintiff is also enjoined from initiating future litigation in this Court and the Clerk is directed to not file any initial pleading that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*."). Transfer to the District of New Mexico would allow Plaintiff to circumvent these conditions. *See Edwards v. Martinez*, No. CV-17-00149-TUC-RCC, 2017 WL 4678456, at *4 n.5 (D. Ariz. July 6, 2017) ("[T]ransfer to . . . the district where venue is proper . . . would effectively permit

---

[2] Plaintiff also seeks leave to file a reply in support of his motion to transfer venue. ECF No. 34. The Court grants Plaintiff's motion for leave to file his reply (ECF No. 34) and has considered the reply attached thereto (ECF No. 34-1) for the purposes of this Order.

Plaintiff to bypass the filing restrictions applicable to him in that District, and is not in the interests of justice."); *Hettinga v. Garcia*, No. CV 20-0430-PA (JPR), 2020 WL 564817, at *2 n.1 (C.D. Cal. Feb. 5, 2020) ("Because Plaintiff appears to have filed this action to circumvent the Northern District of California's pre-filing order, the Court declines to transfer this case to the Northern District of California, where venue would lie."). The Court concludes that a transfer of venue to the District of New Mexico would not be in the interests of justice and declines to exercise its discretion to transfer this action.

**C. Leave to Amend**

Under Federal Rule of Civil Procedure 15(a)(2), the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[f]utility of amendment can, by itself, justify the denial of . . . leave to amend." *United States ex rel. Insoon Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (quotation omitted); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

No facts support that venue in this district is appropriate, and the Court concludes that Plaintiff cannot cure this deficiency by amendment. *See, e.g.*, *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where a "basic flaw" in plaintiff's pleading cannot be cured by amendment). Plaintiff's failure to respond to the motion to dismiss for improper venue is further evidence that granting leave to amend would be futile. *See De Jesus v. Mayorkas*, No. 120CV01200NONESKO, 2021 WL 4846988, at *3 (E.D. Cal. Oct. 18, 2021) ("Because Plaintiff did not respond to the motion to dismiss and has not set forth any basis upon which the court could find that leave to amend would be anything other than futile, leave to amend will not be granted."); *Williams v. Wells Fargo Bank, N.A., Inc.*, No. C 10-00399 JF (HRL), 2010 WL 1463521, at *4 (N.D. Cal. Apr. 13, 2010) ("Plaintiff's failure to respond to the [motion to dismiss] . . . provides an additional basis to deny leave

to amend.”).

## IV. CONCLUSION

1. The Urman Defendants’ motion to dismiss for improper venue [ECF No. 11] is **GRANTED**. The case is **DISMISSED** without prejudice to refiling in a different forum.[3]

2. BOKF’s and BANA’s motions to dismiss [ECF Nos. 7, 12] are **DENIED** as moot.

3. Plaintiff’s motion for leave to file a reply [ECF No. 34] is **GRANTED**. Plaintiff’s motion to transfer venue [ECF No. 29] is **DENIED**.

4. Plaintiff’s motion for an extension of time to complete service [ECF No. 27] is **DENIED** as moot.

The Clerk of Court is directed to close the case.

**IT SO ORDERED**.

Dated: November 2, 2026

Hon. Robert S. Huie
United States District Judge

---

[3] In light of this disposition, the Court declines to address Defendants’ remaining arguments for Rule 12(b) dismissal.